JAMES EDDY v. JOHN HORTON.

*Jurisdiction in the action of book account.*

In an action of book account, if the debtor side of the plaintiff's account is more than one hundred dollars, the county court has original and exclusive jurisdiction; and this jurisdiction is not affected by the sum that is ultimately found due.

BOOK ACCOUNT. The plaintiff's account as presented amounted to $103.31, all of which, with the exception of one item charged at $1.00, was for goods furnished to the plaintiff by one Abel Horton, under an arrangement by which the plaintiff was to peddle them out and have a share of the profits. About the time the defendant received the goods the arrangement between the plaintiff and said Abel Horton was terminated, and the defendant settled for them with the said Abel Horton. The auditor disallowed all the plaintiff's charges, except one which was charged at $1.00 and upon which the auditor allowed *seventy-five cents*, and found that balance due him. Upon the return of the auditor's report the defendant moved to dismiss the cause on the ground that the county court had no jurisdiction.

The county court, March Term, 1854, — PIERPOINT, J., presiding, — overruled the motion to dismiss and rendered judgment for the plaintiff on the report; to which the defendant excepted.

*Edgerton & Allen,* for the defendant.

*D. E. Nicholson,* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. The only question in this case is one of jurisdiction. The statute, Comp. Stat. 220, § 14, gives to each county court within the several counties original and exclusive jurisdiction of all original civil actions, except such as are made cognizable by a justice of the peace; and the statute gives justices of the peace jurisdiction of all actions of a civil nature (with certain exceptions,) where the debt or other matter in demand does not exceed one hundred dollars, and the statute expressly declares that in actions on book, the debtor side of the plaintiff's account shall be considered the *matter in demand.*

In the present case the debtor side of the plaintiff's account was more than one hundred dollars. A justice had no jurisdiction, and as a consequence, the county court had original as well as exclusive jurisdiction. This jurisdiction is not affected by the sum that shall be ultimately found due the plaintiff; and even though nothing shall be found due, still the original jurisdiction of the county court is not affected.

Judgment affirmed.